UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Department of Natural Resources, and Commissioner Sarah Strommen, Deputy Commissioner Barb Naramore, DNR Section Manager Randall Doneen, Unnamed DNR Conservation Officers 1-10,<br><br>    Plaintiffs,<br><br>v.<br><br>The White Earth Band of Ojibwe, and Hon. David A. DeGroat, in his official capacity as judge of the White Earth Band of Ojibwe Tribal Court,<br><br>    Defendants | Case No. _____<br><br>**COMPLAINT** |

The Minnesota department of Natural Resources brings this action to enjoin tribal court proceedings against it brought by the White Earth Band of Ojibwe seeking injunctive relief directed to the DNR. The tribal court has no subject matter jurisdiction to hear such claims. The plaintiffs here are the DNR, its Commissioner, two named DNR employees, and ten unnamed DNR conservation officers who were sued by the White Earth Band of Ojibwe in its tribal court. This Court has subject matter jurisdiction to enjoin further tribal court proceedings.

**Parties**

1. Plaintiff Minnesota Department of Natural Resources is an agency of Minnesota State Government.

2. The White Earth Band of Ojibwe, its tribal council, and a mix of individual band members and non-band members sued the DNR in the White Earth Band Tribal Court (the "Tribal Suit"). A true copy of the Tribal Suit complaint (without exhibits) is attached as Exhibit A.

3. Plaintiff Sarah Strommen is the DNR Commissioner. She was named as an additional defendant in the Tribal Suit in her official and individual capacities.

4. Plaintiff Barb Naramore is DNR Deputy Commissioner. She was named as an additional defendant in the Tribal Suit in her official and individual capacities.

5. Plaintiff Randall Doneen is a DNR Section Manager. He was named as an additional defendant in the Tribal Suit in his official and individual capacities.

6. Plaintiffs unnamed DNR conservation officers are ten unnamed DNR conservation officers sued in their official and individual capacities as additional defendants in the Tribal Suit.[1]

7. Defendant White Earth Band of Ojibwe is a federally recognized band of Indians with a reservation located in Northwestern Minnesota.

8. Defendant David DeGroat is a judge of the White Earth Band of Ojibwe Tribal Court. He is sued in his official capacity only. Judge DeGroat presides over the Tribal Suit. Judge DeGroat is named as a necessary defendant for purposes of entering injunctive relief. *See, e.g.*, *Nevada v. Hicks*, 533 U.S. 353 (2001)

---

[1] For ease of reference, the plaintiffs are referred to hereinafter collectively as "DNR."

### Tribal Suit

9. On August 5, 2021, the White Earth Band of Ojibwe filed suit against the DNR in its tribal court, seeking to enjoin the DNR and its officials from carrying out their designated functions under State law outside the boundaries of the White Earth Reservation.

10. The White Earth Band of Ojibwe pled seven counts against the DNR in the Tribal Suit:

   a. Counts I and II seek a declaration that application of state wild rice regulations to members of the White Earth Band of Ojibwe conflicts with usufructuary rights the plaintiffs claim were granted to band members under the Treaty with the Chippewa, 1855 (the "1855 Treaty").

   b. Count III seeks a declaration that the State's failure to recognize certain usufructuary rights under the 1855 Treaty, while recognizing them under other treaties, violates equal protection principles.

   c. Count IV seeks a declaration that the DNR and named defendants violated the Fourth Amendment and the plaintiffs' due process rights by "seizing" 5 billion gallons of water when issuing an appropriation permit to Enbridge Energy, Limited Partnership for Line 3 dewatering activities.

   d. Count V seeks a declaration that tribal members' right to exercise certain usufructuary rights is guaranteed by the First Amendment and the American Indian Religious Freedom Act.

   e. Count VI seeks a declaration that DNR failed to adequately train staff on the plaintiffs' usufructuary rights under the 1855 Treaty.

   f. Count VII seeks a declaration that DNR and the named defendants violated the *Rights of Manoomin*, a tribal code.

11. At the White Earth Band of Ojibwe's request, the tribal court set a hearing on August 25 on the Band's request for an affirmative injunction directed to the DNR.

12.     The DNR moved to dismiss the complaint, filing its motion and supporting brief on August 12, a week after the complaint was filed.

13.     The DNR sought dismissal of the Tribal Suit for lack of subject matter jurisdiction on two bases.  First, that the DNR has sovereign immunity from suit in tribal court.  Second, that the DNR and the named defendants in the Tribal Suit are not members of the White Earth Band of Ojibwe, and the White Earth Band of Ojibwe lacks jurisdiction over non-members for actions occurring off the reservation.

14.     The Tribal Suit does not plead any actions taken by the DNR on the White Earth Reservation.

15.     The present plaintiffs are not members of the White Earth Band of Ojibwe.

16.     Much of the Tribal Suit complaint focuses on allegations concerning state water appropriation permits and associated impacts of the Line 3 replacement project, and seeks relief to rescind DNR permits for construction dewatering issued in connection with Line 3.

17.     No part of Line 3 crosses any part of the White Earth Reservation.

18.     All of the permitting decisions challenged by the White Earth Band of Ojibwe were made in St. Paul, applying State law to requests for State-issued permits.

19.      The DNR's motion was heard on August 16.  On August 18, the tribal court issued an order denying the DNR's motion to dismiss.  A copy of the Court's order is attached as Exhibit B.

4

**Jurisdiction and Venue**

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1362 to adjudicate claims brought by a party seeking a declaration that a tribal court lacks subject matter jurisdiction over the plaintiff, and enjoining further tribal court proceedings. *See*, *e.g.*, *Nevada v. Hicks*, 533 U.S. 353, 358 (2001); *Montana v. U.S.*, 450 U.S. 544, 565 (1981).

21. Venue is appropriate in this court pursuant to 28 U.S.C. §§ 1391(1), (2) because the defendants reside in this district, and the events leading to this suit occurred in this district.

**COUNT I**
**For Declaratory and Injunctive Relief**

22. The DNR incorporates the allegations of paragraphs 1-21 as this paragraph.

23. Pursuant to 28 U.S.C. § 2201, this Court has jurisdiction to enter judgments declaring the rights and privileges of parties before it.

24. There is an actual controversy between the DNR and the White Earth Band of Ojibwe concerning whether the White Earth Band Tribal Court has subject matter jurisdiction over the claims pled in the Tribal Suit.

25. A judgment from this Court that the tribal court lacks subject matter jurisdiction over the Tribal Suit will resolve the dispute between the DNR and the defendants concerning the tribal court's jurisdiction.

26. The DNR is not required to exhaust its remedies in the White Earth Band of Objibwe tribal courts because "it is plain that no federal grant provides for tribal governance" of the conduct pled in the Tribal Suit. *Nevada*, 533 U.S. at 369.

27. To the extent proceedings in the tribal court are not stayed pending DNR's exhaustion of any appeals in the tribal courts, DNR would not be required to continue such appeals as a condition to invoking this Court's jurisdiction as exhaustion would be futile. *Nevada*, 533 U.S. at 369.

28. The White Earth Band Tribal Court lacks subject matter jurisdiction to hear the Tribal Suit because the present plaintiffs have sovereign immunity from suit in tribal court on the claims pled.

29. The White Earth Band Tribal Court lacks subject matter jurisdiction to hear the Tribal Suit because it is a court of limited jurisdiction, and lacks subject matter jurisdiction to adjudicate claims brought against non-members for conduct occurring off the White Earth Reservation.

30. The DNR is entitled to a declaration that the tribal court lacks subject matter jurisdiction to hear the Tribal Suit.

31. The DNR is entitled to an injunction against any further proceedings in the Tribal Suit.

WHEREFORE, the DNR seeks a judgment:

A. Declaring that the tribal court lacks subject matter jurisdiction to hear the Tribal Suit'

B. Enjoining the Defendants from any further proceedings in the Tribal Suit.

Dated: August 19, 2021　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　KEITH ELLISON
　　　　　　　　　　　　　　　　　　Attorney General
　　　　　　　　　　　　　　　　　　State of Minnesota


　　　　　　　　　　　　　　　　　　s/ Oliver J. Larson
　　　　　　　　　　　　　　　　　　OLIVER J. LARSON
　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　Attorney Reg. No. 0392946

　　　　　　　　　　　　　　　　　　445 Minnesota Street, Suite 1400
　　　　　　　　　　　　　　　　　　St. Paul, Minnesota 55101-2131
　　　　　　　　　　　　　　　　　　(651) 757-1265 (Voice)
　　　　　　　　　　　　　　　　　　(651) 297-1235 (Fax)
　　　　　　　　　　　　　　　　　　oliver.larson@ag.state.mn.us

　　　　　　　　　　　　　　　　　　ATTORNEY FOR PLAINTIFFS

|#5039214-v1