UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Minnesota Department of Natural Resources, Commissioner Sarah Strommen, Deputy Commissioner Barb Naramore, DNR Section Manager Randall Doneen, Unnamed DNR Conservation Officers 1-10, | ) ) ) ) ) | Case No. 21-cv-1869 (WMW/LIB) |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION** |
| The White Earth Band of Ojibwe and Hon. David A. DeGroat, in his official capacity as Judge of the White Earth Band of Ojibwe Tribal Court, | ) ) ) ) | |
| Defendants | ) ) | |

Plaintiffs, the Minnesota Department of Natural Resources, its commissioner, two of its employees, and ten unnamed conservation officers (collectively "DNR") have sought a Preliminary Injunction against the White Earth Band of Ojibwe and White Earth Tribal Court Judge David A. DeGroat, challenging the subject matter jurisdiction of the White Earth Tribal Court. For the reasons stated herein, the Court should deny Plaintiffs' Motion for Preliminary Injunction.

## BACKGROUND

On August 5, 2021, Manoomin (wild rice), the White Earth Band of Ojibwe, its tribal council, and individuals filed suit against the DNR and its officials in the White Earth Tribal Court.  Wild rice—food that grows on water—is integral and a primary source of food for the Ojibwe people.  The Tribal Court suit concerns DNR's activities relating to unilaterally and without formal notice to tribal leaders and without tribal consent, granting the Enbridge Line 3 project an increase of approximately 5 billion gallons of public ground and surface water, for horizontal drilling under rivers and other waterways of the upper Mississippi watershed.

DNR moved to dismiss the complaint, agreeing to expedited briefing.  A hearing was held on August 16, 2021.   On August 18, 2021, the White Earth Tribal Court issued an order finding jurisdiction, based on the Complaint and Exhibits filed August 4, 2021. See *Order Denying Defendant's Motion to Dismiss*, Court File No. GC21-0428, by the Honorable Judge DeGroat, Doc. 1-2.

On August 19, 2021, before the parties scheduled phone conference with the White Earth Tribal Court, the DNR had already filed in federal court with regard to preliminary injunction.  The DNR filed a copy of Plaintiffs *Manoomin, et al.* Complaint in federal court without the exhibits attached. (See full copy of Complaint and Exhibits attached as Exhibit A).

Judge DeGroat asked if the DNR was going to file a motion for Stay in Tribal Court, and the DNR said it would and the DNR did file a motion for Stay 8/19 with the Tribal Court.  *Manoomin, et al.* Plaintiff's filed a Response opposing a Stay and Motion

for Temporary Restraining Order on Monday August 23, 2021.  (See both motions attached as Exhibit B and Exhibit C).

The Tribal court had scheduled a phone conference about the DNR's motion for stay with parties for August 25, 2021, but the hearing ended up about Recusal of the Tribal Court Judge to avoid appearances of conflict of interest with named co-defendants, undersigned attorneys herein.  The Tribal Court Administration then arranged for a conflict judge, Honorable BJ Jones, and a 4:00 PM scheduling conference with parties occurred to address DNR's motion for Stay, on August 25, 2021.

During the hearing, Tribal Court Judge Jones explained to the DNR that a Stay is granted for purposes of appealing the decision, in the tribal legal system, and that a filing for federal Preliminary Injunction was not a substitute.  The Tribal Court asked if the DNR was going to file an appeal or interlocutory appeal to the White Earth Tribal Court of Appeals as the basis for a Stay.  The DNR indicated they may file an appeal of some kind in the Tribal Court system.  Defendants asked the DNR to consider suspending or withdrawing the federal litigation pending exhaustion of tribal remedies, appeal or interlocutory appeal, because as of today, the DNR has not filed an appeal in Tribal Court.

## I.  Plaintiffs Are Not Likely to Succeed on Their Sovereign Immunity Defense.

Plaintiffs argue that their preliminary injunction should be granted because DNR and its officials are "likely to succeed with a sovereign defense."  Mot. for Prelim. Inj. 9. Plaintiffs' argument is misplaced.  The Bill of the Rights, including the Eleventh Amendment does not apply to tribal court proceedings.  "Because Indian tribes possess a

sovereignty predating the Framing of the U.S. Constitution, and because Indian tribes were not parties to the U.S. Constitution, the Bill of Rights and other amendments to the U.S. Constitution do not apply to Indian tribes." *Hester v. Redwood*, 885 F. Supp. 2d 934, 938 (D. Minn. 2012) (citing *Talton v. Mayes*, 163 U.S. 376, 382–85 (1896)).

Moreover, the text of the Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State." U.S. Const. Amend 11. "Under the Eleventh Amendment and constitutional principles of sovereign immunity, 'an unconsenting State is immune from suits brought in *federal courts* by her own citizens as well as by citizens of another state.'" *Fryberger v. Univ. of Ark.*, 889 F.3d 471 (8th Cir. 2018) (emphasis added) (citations omitted).

Plaintiffs do not cite any case purporting to extend Eleventh Amendment immunity to protect states from suit in tribal court. In fact, tribal court precedent has established "the Eleventh Amendment only restricts cases that are filed in federal courts" as "[t]his is apparent in the text of the Amendment and stated clearly in case law." *Office of Navajo Labor Relations ex rel. Jones v. Cent. Consol. Sch. Dist. No. No. 22*, No. SC-CV-13-98, 2002 WL 34461241 (Navajo Nation Sup. Ct. June 5, 2002). As such, Plaintiffs' sovereign immunity argument is not likely to succeed.

## II. Plaintiffs' Must Exhaust Tribal Court Remedies.

Plaintiffs incorrectly argue that White Earth Tribal Court lacks jurisdiction over DNR and its officials. Mot. for Prelim. Inj. 9–14. At a minimum, the DNR and its

4

officials must first exhaust their tribal court remedies before challenging the White Earth

Tribal Court's jurisdiction over them.  The U.S. Supreme Court has explained that

"although the existence of tribal court jurisdiction presented a federal question within the

scope of 28 U.S.C. § 1331, considerations of comity direct that tribal remedies be

exhausted before the question is addressed by the District Court."  *Iowa Mut. Ins. Co. v.*

*LaPlante*, 480 U.S. 9, 15.

According to the Supreme Court, "[t]he federal policy of promoting tribal self-

government encompasses the development of the entire tribal court system, *including*

*appellate courts*.  At a minimum, exhaustion of tribal remedies means that tribal appellate

courts must have the opportunity to review the determinations of the lower tribal courts."

*Id.* at 16–17.  A federal court should "stay . . . its hand until after the Tribal Court has had

a full opportunity to determine its own jurisdiction."  *Nat'l Farmers Union Ins. Co.*, 471

U.S. 845, 857 (1985).

Here, while the White Earth Tribal Court has made its initial determination that it

has jurisdiction over the pending Tribal Court case under the framework outlined in

*Montana v. United States*, 450 U.S. 544 (1981), the DNR and its officials have failed to

obtain appellate review in the White Earth Tribal Courts.  Therefore, "[u]ntil appellate

review is complete," the White Earth Tribal Courts "have not had a full opportunity to

evaluate the claim and federal courts should not intervene."  *Iowa Mut. Ins. Co.*, 480 U.S.

at 17.  Plaintiffs fail to cite to any federal statute or treaty provision limiting the White

Earth Tribal Court's jurisdiction over the issues involved in the Tribal Court case.

*Gaming World Intern., Ltd. v. White Earth Band of Chippewa Indians*, 317 F.3d 840 (8th

5

Cir. 2003) ("Tribal courts presumptively exercise civil jurisdiction over the activities of non Indians on reservation lands 'unless affirmatively limited by a specific treaty provision or federal statute,' and no treaties or statutes limiting tribal court jurisdiction in the circumstances here have been cited.") (internal citation omitted).

The White Earth Tribal Court cannot issue a stay to the DNR, unless and until the DNR files an appeal within 10 days or 20 days, depending on type of appeal, of the August 18, 2021 order.  Defendants herein ask that this Court consider the 4-factor TRO analysis provided in the Tribal Court filing, along with the response to motion for stay. Based on Plaintiffs requirement to exhaust tribal court remedies and properly seek a stay and appeal in Tribal Court, this Court should deny Plaintiffs' request for preliminary injunction or at least suspend this action and wait for the DNR to exercise its rights of appeal, or waive the appeal by not filing for an appeal and stay.

## CONCLUSION

For the foregoing reasons, this Court should deny the Motion for Preliminary Injunction.

Respectfully submitted,

Dated: August 27, 2021

*/s/ Joseph Plumer*___
Joseph Plumer (#164859)
PLUMER LAW OFFICE
9352 N. Grace Lake Rd. SE
Bemidji, MN 56601
Telephone: (218) 556-3824
Email: jplumer@paulbunyan.net

___*/s/ Frank Bibeau*_____
Frank Bibeau (#0306460)
55124 County Road 118
Deer River, MN 56636
Telephone: (218) 760-1258
Email: frankbibeau@gmail.com
*Counsel for Defendant*