UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Department of Natural Resources et al., | Case No. 21-cv-1869 (WMW/LIB) |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| The White Earth Band of Ojibwe and Hon. David A. DeGroat, *in his official capacity as judge of the White Earth Band of Ojibwe Tribal Court*, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' motion to preliminarily enjoin Defendants from proceeding in the matter *Manoomin v. Minnesota Department of Natural Resources*, Case No. GC21-0428 (White Earth Band of Ojibwe Tribal Ct.). (Dkt. 5.) For the reasons addressed below, the Court denies Plaintiffs' motion for a preliminary injunction and dismisses Plaintiffs' complaint without prejudice for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiffs are the Minnesota Department of Natural Resources (DNR) and its officials. Defendants are the White Earth Band of Ojibwe (Band) and Hon. David A. DeGroat, Chief Judge of the White Earth Band of Ojibwe Tribal Court (Tribal Court).

On August 5, 2021, the Band and several other parties[1] (collectively Band Parties) filed suit against the DNR and its officials in the Tribal Court.  In the Tribal Court matter, the Band Parties allege that, by granting water-use permits to a company in conjunction with that company's operation of an oil pipeline in northern Minnesota, the DNR violated the Band Parties' rights.  In particular, the Band Parties allege that the DNR's conduct violates the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the American Indian Religious Freedom Act (AIRFA) and treaties between the United States of America and the Chippewa and other tribes, among other claims.  In their lawsuit in the Tribal Court, the Band Parties seek declaratory and injunctive relief.

The DNR moved to dismiss the Band Parties' tribal lawsuit, arguing that the Tribal Court lacks subject-matter jurisdiction due to the non-member status of the DNR and its officers, the DNR's sovereign immunity and the fact that the contested actions did not take place on reservation land.  Chief Judge DeGroat of the Tribal Court denied the DNR's motion to dismiss, holding that the DNR's arguments regarding sovereign immunity and subject-matter jurisdiction "must give way" to the Band's "vital" interests.

On August 19, 2021, Plaintiffs commenced this action, seeking declaratory and injunctive relief against the Band and Chief Judge DeGroat.  Plaintiffs argue that the Tribal Court lacks subject-matter jurisdiction over the dispute currently pending in the Tribal Court.  Plaintiffs also contend that sovereign immunity protects them from the Band Parties'

---

[1]     The plaintiffs in the tribal court proceeding are Manoomin (wild rice), the Band, members of the Band's tribal council, and other individuals including members of the Band, members of other tribes and individuals who are not members of any tribe.

2

lawsuit. Plaintiffs request that this Court preliminarily enjoin the Band and Chief Judge DeGroat from proceeding with the matter currently pending in the Tribal Court.

## ANALYSIS

Preliminary injunctive relief is an extraordinary remedy that is never awarded as of right. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The purpose of a preliminary injunction is to maintain the status quo. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). The burden rests with the moving party to establish that injunctive relief should be granted. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). When determining whether preliminary injunctive relief is warranted, the district court considers four factors: (1) the movant's likelihood of success on the merits, (2) the threat of irreparable harm to the movant, (3) the state of balance between the harm to the movant and the injury that granting an injunction will inflict on other parties to the litigation, and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

The first and most important *Dataphase* factor is the movant's likelihood of success on the merits. *Craig v. Simon*, 980 F.3d 614, 617 (8th Cir. 2020) (stating that "[t]he likelihood of success on the merits is the most important of the *Dataphase* factors") (internal quotation marks and brackets omitted). A party seeking a preliminary injunction need not demonstrate actual success on the merits, but that party must demonstrate a likelihood of success. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). When a court concludes that a plaintiff has "failed to establish a substantial likelihood of success on the merits, [the court] will not address the other prerequisites of

preliminary injunctive relief." *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994).

"Tribal sovereign immunity is a jurisdictional threshold matter." *Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 670 (8th Cir. 2015) (internal quotation marks omitted). "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998). "A tribe's sovereign immunity may extend to tribal agencies, including the Tribal Court." *Fort Yates*, 786 F.3d at 670–71 (internal quotation marks and brackets omitted); *accord Hagen v. Sisseto-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1043 (8th Cir. 2000) (observing that it is "undisputed that a tribe's sovereign immunity may extend to tribal agencies"). "The Supreme Court has made clear . . . that a tribe's sovereign immunity bars suits against the tribe for injunctive and declaratory relief." *Fort Yates*, 786 F.3d at 671 (citing *Mich. v. Bay Mills Indian Cmty.*, 572 U.S. 782 (2014) and *Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978)).

Plaintiffs commenced this action against the Band and Chief Judge DeGroat in his official capacity.[2] These parties, a tribe and a tribal court, however, are both protected

---

[2] Although Plaintiffs have not sued the Tribal Court, they have sued Chief Judge DeGroat in his official capacity. Counsel for Plaintiffs asserted at the September 1, 2021 hearing that they sued Chief Judge DeGroat exclusively in his official capacity because the Chief Judge of the Tribal Court is the appropriate defendant for the purposes of an official-capacity suit. As such, Plaintiffs effectively seek declaratory and injunctive relief against the Band and the Tribal Court.

from suit by tribal sovereign immunity.[3] *Id.* at 670–71.  And Plaintiffs do not allege that Defendants have waived their sovereign immunity or that Congress has authorized this lawsuit.  Because both Defendants are immune from suit and Plaintiffs have not identified an applicable waiver or abrogation of tribal sovereign immunity, this Court lacks the authority to enjoin Defendants.  Plaintiffs, therefore, have failed to demonstrate a likelihood of success on the merits, and the Court need not analyze the remaining *Dataphase* factors.

In summary, Plaintiffs are not entitled to injunctive relief because this Court lacks the authority to enjoin the Defendants in this case.  Moreover, in light of Defendants' tribal sovereign immunity, the Court also concludes that it lacks subject-matter jurisdiction over this case and must dismiss the complaint without prejudice.[4]  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for a preliminary injunction, (Dkt. 5), is **DENIED**.

---

[3] "Of course, the Tribe's sovereign immunity does not necessarily protect Tribal officials from suit," *id.* at 671 n.8, nor does it protect other individuals.  But Plaintiffs have not sued any person in his or her individual capacity.

[4] Because this Court lacks jurisdiction over Defendants based on their sovereign immunity, the Court declines to address whether the Tribal Court has jurisdiction over Plaintiffs pursuant to *Montana v. United States*, 450 U.S. 544 (1981), as such an opinion would be an improper advisory opinion, *see* U.S. Const. art. III, § 2.

2. Plaintiffs' complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 3, 2021                          s/Wilhelmina M. Wright
                                                                                         Wilhelmina M. Wright
                                                                                         United States District Judge