UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Department of Natural Resources et al., | Case No. 21-cv-1869 (WMW/LIB) |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' LETTER REQUEST FOR PERMISSION TO FILE A MOTION TO RECONSIDER** |
| The White Earth Band of Ojibwe and Hon. David A. DeGroat, *in his official capacity as judge of the White Earth Band of Ojibwe Tribal Court*, | |
| Defendants. | |

Before the Court is Plaintiffs' September 5, 2021 letter requesting permission to file a motion to reconsider this Court's September 3, 2021 Order denying Plaintiffs' motion for a preliminary injunction and dismissing the complaint for lack of subject-matter jurisdiction. (Dkt. 21.)

Pursuant to Local Rule 7.1(j), a party may receive permission to file a motion for reconsideration only by showing "compelling circumstances." LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted). Absent a manifest error of law or fact, a motion for reconsideration cannot be employed to repeat arguments previously made, introduce evidence or arguments that could have been made, or tender new legal theories for the first time. *See id.*

Plaintiffs argue that the Court erroneously concluded that Defendant Hon. David A. DeGroat, Chief Judge of the White Earth Band of Ojibwe Tribal Court (Tribal Court), is protected from suit by sovereign immunity.  Plaintiffs argue that Chief Judge DeGroat may be sued under *Ex Parte Young*.  The *Ex Parte Young* doctrine "rests on the premise—less delicately called a fiction—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes. The doctrine is limited to that precise situation." *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (internal citations and quotation marks omitted).  The doctrine "does not apply when the state is the real, substantial party in interest, as when the judgment sought would expend itself on the public treasury or domain, or interfere with public administration." *Id.*  When determining whether the sovereign is the real party in interest, "courts may not simply rely on the characterization of the parties in the complaint, but rather must determine in the first instance whether the remedy sought is truly against the sovereign." *Lewis v. Clarke*, 137 S. Ct. 1285, 1290 (2017).  "[T]he general criterion for determining when a suit is in fact against the sovereign is the *effect* of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 107 (1984). "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).  Such a suit is barred "regardless of whether it seeks damages or injunctive relief." *Pennhurst*, 465 U.S. at 101–02.

Here, Plaintiffs sued Chief Judge DeGroat in his official capacity.  But the relief Plaintiffs seek is an injunction preventing the Tribal Court from acting.  To be effective,

the injunction Plaintiffs seek necessarily would have to operate against the Tribal Court rather than simply against an individual judge. Otherwise, Chief Judge DeGroat's recusal from the tribal court proceeding would have mooted the injunction Plaintiffs sought. For these reasons, Plaintiffs' suit against Chief Judge DeGroat was one in which the Tribal Court was the real, substantial party in interest.

Plaintiffs have failed to demonstrate that the Court committed any manifest errors of law or fact in concluding that Plaintiffs' suit was, in effect, against the Tribal Court, and thus barred by sovereign immunity. For these reasons, the Court denies Plaintiffs' request for permission to file a motion to reconsider the Court's September 3, 2021 Order.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' request for permission to file a motion to reconsider, (Dkt. 21), is **DENIED**.


Dated:  September 10, 2021                    s/Wilhelmina M. Wright____
                                             Wilhelmina M. Wright
                                             United States District Judge